UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

EDUARDO DABOIN RALL,

    Petitioner,

v.

    No. 1:26-CV-113-H

ROBERT CERNA, et al.,

    Respondents.

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see* 8 U.S.C. § 1225(b)(2)(A). Eduardo Daboin Rall, a native and citizen of Venezuela, is one such alien, having illegally entered the United States three years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA, the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Rall's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Rall are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. The petition (Dkt. No. 1) is denied.

## 1.    Background

In 2023, Rall illegally entered the United States at or near El Paso, Texas and self-surrendered to immigration officials.  Dkt. No. 13 at 6, 8.  He was then released into the United States after being placed into removal proceedings with a Notice to Appear.[1]  *Id.* at 6.  The NTA charged him with removability as an alien "present in the United States without being admitted or paroled."  *Id.* at 8; *see* 8 U.S.C. § 1182(a)(6)(A)(i).  Years later, in March 2025, ICE re-detained Rall during a routine check-in.  Dkt. No. 1 ¶ 21.  He is currently detained without bond at the Bluebonnet Detention Center.  *Id.* ¶¶ 23–24.

It is not clear whether Rall has sought a bond hearing from an immigration judge.  Even so, immigration judges are bound by the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado* to deny such requests for lack of jurisdiction.  29 I. & N. Dec. 216 (BIA 2025).  That is because *Yajure Hurtado* holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings.  *Id.* at 220.

Because no immigration judge will grant bond, Rall seeks a writ of habeas corpus.  Dkt. No. 1.  The petition states three claims for relief.  First, Rall alleges that his detention without bond violates the INA.  *Id.* ¶¶ 58–61.  He argues that Section 1225(b)(2)(A) does not apply to aliens who, like him, previously entered the United States illegally and have been living in the country prior to being apprehended and placed in removal proceedings.  *Id.* ¶ 59.  In his view, the proper statutory authority for his detention is Section 1226(a), which permits immigration judges to release aliens on bond while their removal is pending.  *Id.*

---

[1] Rall's parole into the United States was not a form of admission.  *See Goyo Martinez v. Villegas,* No. 1:25-CV-256, 2026 WL 114418, at *3, *5–7 (N.D. Tex. Jan. 15, 2026).

¶¶ 38–39, 59.  Besides his statutory claim, Rall also contends that his detention without bond violates his due process rights and the APA.  *Id.* ¶¶ 49–57, 62–68.

Well before Rall filed his petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225.  *See* 166 F.4th at 498.  The Court turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A) (emphasis added).  The Court found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp.  *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo*, 814 F. Supp. 3d at 754).

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases.  *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody."  *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th

Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 3.     Analysis

As noted above, Rall raises three claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, another based on the Fifth Amendment's Due Process Clause, and another stemming from the APA. *Buenrostro-Mendez* forecloses Rall's statutory and APA claims. Thus, the only claim left for consideration is Rall's due process claim. The Court has repeatedly rejected identical due process arguments.[2] Nevertheless, the Court considers the arguments raised in Rall's petition to address whether bond-less detention violates the Constitution. The answer is no.

#### A.     *Buenrostro-Mendez* forecloses Rall's INA claim.

Rall is an "applicant for admission" under the INA's mandatory-detention provision. Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Rall is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he

---

[2] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez*, 2026 WL 114418; *Garibay-Robledo*, 814 F. Supp. 3d 747; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

– 4 –

be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498. Thus, Rall's INA claim fails.[3]

### B.     The Due Process Clause does not require the government to give Rall a bond hearing.

Next is Rall's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 49–57. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Rall's arguments. Viewed as a matter of substantive or procedural due process, Rall is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S.

---

[3] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, note 2.

510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

Rall's procedural due process claim fares no better. He seeks relief relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 1 ¶¶ 52–57. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, 814 F. Supp. 3d 712 (N.D. Tex. 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due

process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." (quotation omitted)). Critically, aliens who are released into the United States pending removal are "treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Rall has "only those rights regarding admission that Congress has provided by statute." *Id.* at 140; *Landon*, 459 U.S. at 32. With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Rall is not entitled to a bond hearing or any other ex-ante re-detention determination as a matter of procedural due process. *See* Dkt. No. 1 ¶ 44.

### C.    The APA precludes judicial review of Rall's claim.

Rall argues that applying Section 1225(b)(2)(A) to him is "arbitrary, capricious, and not in accordance with law" in violation of the APA. Dkt. No. 1 ¶ 68. Section 704 of the APA states, in no uncertain terms, that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added). Because Rall requests habeas relief as the remedy for his APA claim, he unwittingly admits that there is, in fact, an adequate remedy outside of the APA. Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be

brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at \*9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *J.G.G.*, 604 U.S. at 672).  The APA thus does not provide for judicial review of his claim.

### 4.    Conclusion

In short, Rall, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).  *Buenrostro-Mendez*, 166 F.4th at 498.  And neither the Due Process Clause nor the APA require a bond hearing in these circumstances.  Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on May 7, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE